JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-10602-DMG (ASx) | Date | June 18, 2025 |
|---|---|---|---|
| Title | *Mellissa Marie Delgado, et al. v. Lakin Tired West, LLC* | Page | 1 of 5 |

Present: The Honorable  DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION TO REMAND AND DEFENDANT'S MOTION TO COMPEL ARBITRATION [28] [32]**

**I.
BACKGROUND**

Defendant Lakin Tire West, LLC ("LTW") employed Plaintiff Mellissa Marie Delgado from approximately September 12, 2023 until December 7, 2023. Notice of Removal, Ex. A [Doc. ## 1 ("NOR"), 8 ("Compl.").] Delgado filed this action in Los Angeles County Superior Court on June 6, 2024 on behalf of herself and those similarly situated, alleging seven causes of action under California law related to LTW's allegedly unlawful labor practices. LTW removed the action to this Court on December 9, 2024, invoking the Court's federal question jurisdiction. NOR ¶¶ 9–10. LTW asserts that this Court has federal question jurisdiction over the action because Delgado's claims are preempted by Section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. § 185(a).

On May 20, 2025, Delgado filed a motion to remand ("MTR") this action to state court, arguing that her claims are not preempted by federal law. [Doc. # 28.] The MTR is fully briefed. [Doc. ## 33 ("Opp."), 34 ("Reply").] For the reasons set forth below, the Court **GRANTS** Delgado's MTR and **REMANDS** this action to the Los Angeles County Superior Court.

**II.
LEGAL STANDARD**

Defendants may remove a case filed in state court to federal court if the federal court would have original jurisdiction over the case. 28 U.S.C. § 1441. There is a "strong presumption against removal jurisdiction," and courts must reject it "if there is any doubt as to the right of removal in the first instance." *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*per curiam*))

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-10602-DMG (ASx) | Date | June 18, 2025 |
|---|---|---|---|
| Title | *Mellissa Marie Delgado, et al. v. Lakin Tired West, LLC* | Page | **2** of **5** |

(internal quotation marks omitted); *see also Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) (any "doubt is resolved against removability"). The party "seeking removal has the burden to establish that removal is proper" and the "burden of establishing federal subject matter jurisdiction." *Id.*; *see also Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 944 (9th Cir. 2009) (citing *Toumajian v. Frailey*, 135 F.3d 648, 652 (9th Cir. 1998)).

**III.
DISCUSSION**

**A.     Jurisdiction is Based Solely on Delgado's Claims**

LTW contends that at least one of Delgado's claims is preempted by section 301 of the LMRA because Delgado seeks to represent a class of employees, and some of those employees were covered by a Collective Bargaining Agreement ("CBA") between LTW and the Union. In contrast, Delgado argues that remand is appropriate because although a number of unnamed class members may have belonged to the Union and been subject to the CBA, Delgado herself was not.

In class actions, "the usual rule . . . is that to establish subject matter jurisdiction one looks only to the named plaintiffs and their claims." *Gonzalez v. United States Immigr. & Customs Enf't*, 975 F.3d 788, 810 (9th Cir. 2020) (citing *Pruell v. Caritas Christi*, 645 F.3d 81, 83 (1st Cir. 2011)); *see also Gibson v. Chrysler Corp.*, 261 F.3d 927, 940 (9th Cir. 2001) ("[A] class action, when filed, includes only the claims of the named plaintiff or plaintiffs. The claims of unnamed class members are added to the action later, when the action is certified as a class under Rule 23."). Delgado is the only named Plaintiff and, therefore, the Court shall consider only Delgado's claims in determining whether Section 301 preemption applies.

**B.     Section 301 LMRA Preemption**

"Section 301 of the LMRA governs claims founded directly on rights created by collective-bargaining agreements, and also claims substantially dependent on analysis of a collective-bargaining agreement." *Bonilla v. Starwood Hotels & Resorts Worldwide, Inc.*, 407 F. Supp. 2d 1107, 1111 (C.D. Cal. 2005) (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 107 S. Ct. 2425, 96 L. Ed. 2d 318 (1987)). The Ninth Circuit has established a two-part test for determining whether a cause of action is preempted by Section 301. *Burnside v. Kiewit Pacific Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007); *see also Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019) (reaffirming the two-step test established in *Burnside*).

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-10602-DMG (ASx) | Date | June 18, 2025 |
|---|---|---|---|
| Title | Mellissa Marie Delgado, et al. v. Lakin Tired West, LLC | Page | 3 of 5 |

In applying the *Burnside* test, a court must first determine "whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by a CBA." *Id.*; *see also Bonilla*, 407 F. Supp. 2d at 1111 ("The LMRA does not preempt an employee's independent, freestanding state rights."). "If the right exists solely as a result of the CBA, then the claim is preempted, and analysis ends there." *Burnside*, 492 F.3d at 1059. "If, however, the right exists independently of the CBA, we must still consider whether it is nevertheless 'substantially dependent on analysis of a collective-bargaining agreement.'" *Id.* (internal citations omitted). "If such dependence exists, then the claim is preempted by section 301; if not, then the claim can proceed under state law." *Id.* at 1059–60.

### 1. Delgado's Claims Arise from Rights Conferred by State Law

Delgado asserts seven claims for relief in her Complaint: (1) failure to pay minimum wages; (2) failure to pay overtime wages; (3) failure to provide meal periods or compensation in lieu thereof; (4) failure to provide rest periods or compensation in lieu thereof; (5) failure to provide complete and accurate wage statements; (6) failure to timely pay final wages upon separation from employment; and (7) unfair business practices. The first six causes of action arise under California's Labor Code, and the last cause of action arises under California's Unfair Competition Law ("UCL"). Compl. ¶ 1. LTW does not seem to dispute that Delgado's claims arise from rights conferred by state law rather than by a CBA—nor could it since, as discussed above, Delgado was not covered by any CBA. The Court will therefore focus its analysis on the second prong of the *Burnside* test.

### 2. Delgado's Claims are not Substantially Dependent on a CBA

Section 301 does not preempt a state law claim unless resolution of that claim "necessarily requires the court to interpret an existing provision of a CBA that can reasonably be said to be relevant to the resolution of the dispute." *Cramer v. Consol. Freightways, Inc.*, 255 F.3d 683, 693 (9th Cir. 2001) (*en banc*). Moreover, "the need to interpret the CBA must inhere in the nature of the plaintiff's claim." *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1076 (9th Cir. 2005). "[A] state law claim will only be preempted if it is so 'inextricably intertwined' with a CBA that resolution of the claim will require judicial interpretation of the CBA's terms." *Castillo v. Long Beach Mem'l Med. Ctr.*, 132 F. Supp. 3d 1194, 1198 (C.D. Cal. 2015) (internal citation omitted). The Ninth Circuit has held that, "if the claim is plainly based on state law, [section] 301 preemption is not mandated simply because the defendant refers to the CBA in mounting a defense." *Cramer*, 255 F.3d at 691 (citing *Caterpillar*, 482 U.S. at 398–99); *see also Humble v. Boeing Co.*, 305 F.3d

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-10602-DMG (ASx) | Date | June 18, 2025 |
|---|---|---|---|
| Title | *Mellissa Marie Delgado, et al. v. Lakin Tired West, LLC* | Page | **4** of **5** |

1004, 1011 (9th Cir. 2002) ("reliance on CBA provisions to defend against an independent state law claim does not trigger § 301 preemption.").

Delgado directs the Court to a recent remand decision made by another court in this District in the case *Delgado v. Lakin Tire West, LLC, et al.*, 2025 WL 1074787, No. CV 24-10595-CBM (JCx) (C.D. Cal. Apr. 9, 2025) (hereinafter "*Delgado PAGA Action*").[1] The *Delgado PAGA Action* was filed on the same day as this action; brought by and against the same parties—who are represented by the same attorneys as in this action; and based on the same underlying facts as this action. Despite Delgado's present reliance on that court's decision, however, Delgado failed to file a notice of related cases as required under the Local Rules. *See* C.D. Cal. L.R. 83-1.3.1. As the parties and counsel are the same in both cases, there is no question that they were aware of that case's pendency and the overlapping issues in both cases. Moreover, the cases are not only factually related, but *reliant upon* one another. In the *Delgado PAGA Action*, Delgado seeks civil penalties associated with the same alleged Labor Code violations that form the basis of her Complaint before this Court. [*See Delgado PAGA Action*, Doc. # 1 ("PAGA Compl.") at 27–34.] The Court admonishes the parties for this blatant violation of the Local Rules and warns them that future violations of this nature may result in the imposition of monetary sanctions or the summary denial of requested relief.

The Court has considered the ruling on Delgado's motion to remand in the *Delgado PAGA Action* and adopts the reasoning set forth in that decision. LTW's argument that this Court should reach a different outcome because this is a putative class action instead of a PAGA action relies on a misunderstanding of the way courts analyze PAGA claims and draws a distinction without a difference. Opp at 10–11; *see Martinez v. Omni Hotels Mgmt. Corp.*, 514 F. Supp. 3d 1227, 1234–35 (S.D. Cal. 2021) (finding the distinction between a PAGA claim for civil penalties versus a Labor Code claim for wages "irrelevant" for the purposes of preemption). As the court explained in the *Delgado PAGA Action*, because it is undisputed that Delgado was not covered by any CBA, it follows that her rights exist in state law independent of any CBA and are not preempted. *See Delgado PAGA Action*, 2025 WL 1074787 at *3; *Rivera v. AHMC Healthcare, Inc.*, 2022 WL 716094 at *3, No. CV 22-104-DMG (AFMx) (C.D. Cal. Mar. 10, 2022) (finding "no case for section 301 preemption where the plaintiff was not actually covered by the CBA in question"); *see also Stoddart v. Heavy Metal Iron, Inc.*, 2023 WL 2524313, at *5, No. CV 22-1532-DAD (DBx) (E.D. Cal. Mar. 15, 2023) (following this Court's *Rivera* decision and concluding that plaintiff's individual claims for violations of California's Labor Code were not preempted because plaintiff was not subject to a qualifying CBA).

---

[1] "PAGA" refers to the Private Attorneys General Act of 2004.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-10602-DMG (ASx) | Date | June 18, 2025 |
|---|---|---|---|
| Title | *Mellissa Marie Delgado, et al. v. Lakin Tired West, LLC* | Page | **5** of **5** |

The Court accordingly concludes that this action is neither based on, nor substantially dependent upon, any CBA, and therefore, is not preempted by section 301 of the LMRA.

## IV.
## CONCLUSION

In light of the foregoing, the Court **GRANTS** Delgado's MTR.  This action is hereby **REMANDED** to Los Angeles County Superior Court.  LTW's motion to compel arbitration ("MTC") is **DENIED without prejudice as moot**.  All dates and deadlines, including the June 20, 2025 hearing on the MTR and the June 27, 2025 hearing on the MTC, are **VACATED**.

**IT IS SO ORDERED.**